# EXHIBIT 3

| | |
|---|---|
| From: | White,Amy L |
| Sent: | Thursday, April 19, 2012 1:00 PM |
| To: | Santor,Tracey |
| Subject: | RE: Owens, Schine & Nicola, PC; Settlement; Claim #T0816746 |
| Attachments: | image001.jpg |

Interesting …Thanks for sharing.

---

**From:** Santor,Tracey
**Sent:** Thursday, April 19, 2012 8:56 AM
**To:** Karp,Jay S; Houston,Marchelle M; Simanski,John F; Sondak,Robyn L.
**Cc:** White,Amy L; Glasgow,Jason W; Short,Bryan D
**Subject:** FW: Owens, Schine & Nicola, PC; Settlement; Claim #T0816746

---

**From:** Short,Bryan D
**Sent:** Thursday, April 19, 2012 8:20 AM
**To:** Santor,Tracey
**Cc:** Short,Bryan D
**Subject:** Owens, Schine & Nicola, PC; Settlement; Claim #T0816746

Tracey,

This email summarizes yesterday's Pre-Argument Conference, during which time we reached a settlement with the Insured and the trial court judgment was vacated. As you will recall, the initial Pre-Argument Conference was held on March 15. During that conference, I informed the judge that Travelers' primary concern was the precedence set by the trial court's adverse judgment and, as such, a monetary settlement was unlikely. In response, the Judge raised the idea of having the adverse judgment vacated as part of a settlement; however, the judge was unsure whether he possessed the procedural authority to issue such an order. Appellate counsel informed the Judge that any superior court judge had the authority to open a prior judgment and issue an order vacating such judgment. I expressed a willingness to discuss this option internally and the judge scheduled a subsequent Pre-Argument Conference for April 18.

At yesterday's Pre-Argument Conference, the judge confirmed that he indeed had the requisite authority to open the trial court's judgment and issue an order vacating such judgment as part of a settlement between the parties. At that point the judge separated the parties and mediated a final settlement of $165,000 with an agreement to vacate the judgment (the current amount of the judgment, plus interest, is $247,000 not including post-judgment interest). Once the parties reconvened, we submitted our prepared settlement agreement and order vacating the judgment for the Insured's counsel to review. As there were no objections, the judge signed the order and the Insured and Travelers executed withdrawals of the underlying lawsuit and the appeal, respectively. Once the court documents were signed the parties executed the settlement agreement and the judge submitted the order and the withdrawals to his clerk for filing with the court. Going forward, we intend to request a certified copy of the court's order and submit it to Westlaw and Lexis so that the judgment will be flagged as vacated.

Please let me know of you have any questions or comments.

Bryan Short
Associate Claim Counsel
The Travelers Companies, Inc.
Bond & Financial Products

One Tower Square, S202A
Hartford, CT 06183
Phone: (860) 277-6326
Email: bshort@travelers.com

